GARDNER & Co. *v.* UNITED STATES (No. 721).[1]

TABLE COVERS OF FLAX, WITH SCALLOPED EDGES.

"Scalloped by hand or machinery for any purpose," as these words appear in paragraph 349, tariff act of 1909, must be taken to provide that if an article in other respects within the provisions of the paragraph has been in fact scalloped by hand or machinery it is dutiable thereunder regardless of the purpose for which the scalloping was done, and it is not necessary that the article should be otherwise ornamented or embroidered.

United States Court of Customs Appeals, January 23, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7237 (T. D. 31707).

[Affirmed.]

*Brown & Gerry* for appellants.
*Wm. L. Wemple,* Assistant Attorney General (*Thos. J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court: •
The merchandise involved here is table covers composed of flax with the edges scalloped. It was assessed for duty by the collector

---

under paragraph 349 of the tariff act of 1909, the only part of which that is material here is as follows:

349. * * * Wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a plain or fancy letter, initial, or monogram, or otherwise, or tamboured, appliquéed, or scalloped, by hand or machinery, for any purpose, or from which threads have been drawn, cut, or punched to produce openwork, ornamented or embroidered in any manner herein described, in any part thereof, however small. * * *

No issue of fact is raised, and if the merchandise is not dutiable under the paragraph, as above quoted, the importers' contention that it is dutiable under paragraph 357 of the same act should be sustained.

The Government's claim is that being scalloped, it is clearly dutiable under paragraph 349, as the scalloped article is explicitly therein provided for.

The importers' claim is that not only must the merchandise be scalloped in order to be dutiable under the paragraph, but in addition it must be ornamented or embroidered in some part thereof in one of the methods mentioned in the quoted part of the paragraph.

It appears that the words "scalloped by hand or machinery for any purpose" were first inserted in the tariff act of 1909, and it is of course beyond question that thereby Congress intended to bring articles scalloped by hand or machinery, whatever may have been the purpose of such scalloping, within the duty rate of the paragraph. The importers do not deny this, but claim that in order to be so embraced it must also appear that the article, in addition to having been scalloped by hand or machinery, must be ornamented or embroidered in one of the other manners described in the quoted part of the paragraph, and that failing in this, it is excluded therefrom.

Prior to the enactment of this paragraph there had been considerable litigation upon the subject of scalloped articles, the results of which we think are well stated by the Board of General Appraisers in its opinion in this case, which we quote and which sufficiently for the purposes of this decision refers to prior litigation:

The classification of scalloped articles under the act of 1897 as determined by the board and the courts is clearly set forth in G. A. 6966 (T. D. 30271). Under the rule laid down in that case scalloped articles were dutiable as embroidered articles under paragraph 339, tariff act of 1897, when the needlework thereon was ornamental, and articles having a plain scalloped edge were not dutiable under that paragraph.

The litigation on this subject was explicitly called to the attention of Congress in "Notes on Tariff Revision," page 440, and Congress thereupon saw fit to place within the paragraph the words "scalloped by hand or machinery for any purpose," and we think it thereby intended to provide that if an article in other respects within the provisions of paragraph 349 were in fact scalloped by hand or machinery regardless of the purpose for which the scalloping was done it should be dutiable thereunder, and that it is not necessary that the article should in addition be otherwise ornamented or embroidered.

The judgment of the Board of General Appraisers is *affirmed.*